

FILED
U.S. DISTRICT COURT

2000 MAY 15  A 8: 29

LO.__.. G. WHYTE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID RAY (417706)** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-1214** |
| **TERREBONNE PARISH SHERIFF'S OFFICE, ET AL** | **SEC."S" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, David Ray, filed the above captioned *pro se* and *in forma pauperis* complaint seeking damages pursuant to 42 U.S.C. § 1983 naming the Terrebonne Parish Sheriff's Office, Sheriff Jerry L. Larpenter, Deputy Calvin Jackson, Deputy Mike W. Dean, Deputy Claude J. Triche, Houma Television Station, Houma Daily Courier, Lonnie Thibodeaux, Hon. Paul Winbush, the Terrebonne Parish District Attorney's Office, District Attorney Joseph L. Waitz, Jr., and Assistant District Attorney Jay J. Luke as defendants to this lawsuit. In his complaint, plaintiff alleges that his constitutional rights were violated when: (1) he was held on excessive bail because there was no evidence for the crimes charged; (2) the news media improperly reported and portrayed him on television and in the newspaper; (3) he was convicted based upon insufficient evidence; and, (4) he was subjected to an improper line-up procedure.

DATE OF ENTRY
MAY 1 5 2000

1

DATE OF MAILING _____ **MAY 1 5 2000** _____

Fee_____
Process_____
X /Dktd      1G
✓/CtRmDep_____
Doc.No._ 3

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  The Court has broad discretion in determining the frivolous nature of the complaint.  Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.  Under the broadest reading of his complaint,[1] Ray's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

Section 1983 of the United States Code, Title 42, provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[1] The court must liberally construe a pro se civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2

Plaintiff's claim that the defendants violated the rights and privileges guaranteed to him by the Constitution of the State of Louisiana and/or Louisiana state law fails to state a claim under section 1983. Moreover, to the extent that plaintiff's complaint can be interpreted as alleging a violation of his due process rights as guaranteed by the United States Constitution, it would still fail to state a claim under section 1983.

In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the United States Supreme Court held that a damages request for alleged civil rights violations, calling into question the validity of a state court conviction that has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under § 1983:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 114 S. Ct. at 2372 (emphasis in original) (footnote omitted).

Plaintiff's damages claims have not yet accrued because they are connected to the legality

3

of his present confinement.  See  Boyd v. Biggers, 31 F.3d 279, 282 (5th Cir. 1994)(citation omitted).  However, prior to applying Heck, the Fifth Circuit Court of Appeals has noted that the district court should consider the absolute immunity doctrine as a threshold matter. Boyd, 31 F.3d at 284.

As to plaintiff's § 1983 claims against the Honorable Paul Winbush, it is well established that absolute immunity protects judges from liability for all actions taken in their judicial capacities, so long as they do not act in a clear absence of all jurisdiction. 42 U.S.C. § 1983; Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir.1990). This defendant is immune from suit and plaintiff's § 1983 claims against him should be dismissed as frivolous.

As to plaintiff's claims against the Terrebonne Parish Sheriff's Office, it is not an entity capable of being sued under § 1983. Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any Parish sheriff's office.  Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department, 350 So. 2d 236 (La. App. 3d Cir.), writ refused, 352 So. 2d 235 (La. 1977). Thus, the Parish Sheriff's Office is not a "person" capable of being sued. Plaintiff's § 1983 claims against it should be dismissed as frivolous.

As to his § 1983 claims against Houma Television Station, Houma Daily Courier, and Lonnie Thibideaux, plaintiff must first establish that they were acting under color of state law. None of these defendants are state actors capable of being sued under § 1983. See Mills v. Criminal District Court 3, 837 F.2d 677, 679 (5th Cir. 1988); Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Polk County v. Datsun, 454 U.S. 312, 325, 102 S .Ct. 445, 453, 70 L. Ed. 2d

4

509 (1981). Plaintiff's § 1983 claim against these three defendants, that the news media improperly reported and portrayed him on television and in the newspaper, should be dismissed as frivolous.

Finally, pretermitting any issue as to whether remaining defendants, Sheriff Jerry L. Larpenter, Deputy Calvin Jackson, Deputy Mike W. Dean, Deputy Claude J. Triche, the Terrebonne Parish District Attorney's Office, District Attorney Joseph L. Waitz, Jr., and Assistant District Attorney Jay J. Luke are persons for purposes of § 1983, Ray's § 1983 claims against the remaining defendants are the type to which the Heck Court refers and, therefore, have not yet accrued. They all call into question plaintiff's underlying conviction. See Heck, 512 U.S. at 486-87, 114 S. Ct. at 2372. Ray's complaint against these defendants, that he was held on excessive bail because there was no evidence for the crimes charged, that he was convicted based on insufficient evidence, and that he was subjected to an improper line-up procedure, must be dismissed because he has failed to state a claim under § 1983 for which relief may be granted. Id.; 28 U.S.C. § 1915(e) (West 2000).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure

to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  1 2  day of  May , 2000.

_____
UNITED STATES MAGISTRATE JUDGE